

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-13-2007

# Samuels v. Postmaster Gen

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3823

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation
"Samuels v. Postmaster Gen" (2007). *2007 Decisions*. Paper 67.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/67

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-66                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3823
_____

MADELAINE E. SAMUELS,
                                        Appellant

v.

POSTMASTER GENERAL


_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 03-cv-03482)
District Judge:  Honorable Anne E. Thompson

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 6, 2007

Before: AMBRO, FUENTES and JORDAN, <u>Circuit Judges</u>

(filed: December 13, 2007 )
_____

OPINION
_____

PER CURIAM

        Appellant, Madelaine Samuels, filed an employment discrimination lawsuit

on the grounds of sex and pregnancy against her employer, the Postmaster General of the

United States Postal Service.   The District Court granted the Postmaster General's

motion for summary judgment, and Samuels now appeals pro se and in forma pauperis.

Because we write primarily for the parties, we recite only the facts relevant to our decision. On October 12, 1993, Samuels stopped reporting to work for a year. She argues that she left on a scheduled maternity leave, and that she had given written notification of her leave to her supervisors. However, neither of Samuels's supervisors had actually approved her leave. On February 10, 1995, her supervisors wrote her a letter inquiring about her availability for work, but she did not respond.

Subsequently, the Postmaster General gave her written notice on March 6, 1995 of her termination on the grounds that she had been absent without official approval. Samuels responded by filing a union grievance against the employer, and they reached a settlement, requiring, in part, that Samuels produce medical evidence of her recovery from her pregnancy before returning to work. However, Samuels never furnished suitable documentation, and her employer issued another "Notice of Removal," citing once again her unaccounted-for absence. This dispute was re-submitted for resolution through the union's grievance arbitration procedures, and the Postmaster drew up a "last chance agreement" on March 27, 1996 to resolve all remaining disputes. Notably, the agreement contained a provision requiring that Samuels agree to waive all future EEO appeals. Samuels refused to sign the agreement, and instead, opted to pursue arbitration and to file another EEOC complaint.

We exercise plenary review over the District Court's grant of summary judgment. Turner v. Hershey Chocolate U.S.A., 440 F.3d 604, 611 (3d Cir. 2006).

2

Viewing the evidence in a light most favorable to the nonmoving party and drawing all reasonable inferences in its favor, we must determine whether a genuine issue of material fact exists.  Id.  A party opposing summary judgment must present more than bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue. Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005)(citation omitted).  We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291, and we must dismiss the appeal under 28 U.S.C. § 1915(e)(2)(B) if it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

## I.

In order to make out a sex discrimination claim under Title VII, a plaintiff must first prove a prima facie case, showing that (1) she is a member of a protected class; (2) she was qualified for the position in question; (3) she suffered an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination.  Jones v. Sch. Dist of Phila., 198 F.3d 403, 410-11 (3d Cir. 1999).   When the plaintiff has made out a prima facie case, the burden shifts to the defendant to state a legitimate, nondiscriminatory reason for its employment decision. McDonnell Douglas Corp v. Green, 411 U.S. 792, 802-804 (1973).  The burden then shifts back to the plaintiff to prove that the employer's articulated reason for the adverse employment action is pretextual.  Id.

In this case, the District Court found that because Samuels did not prove that her termination occurred under circumstances giving rise to an inference of

3

discrimination on the basis of her pregnancy, she had not made a prima facie case of sex discrimination. We agree. As the District Court found, Samuels merely alleges that the Postmaster refused to reinstate her to her prior position because she refused to give him detailed information about her pregnancy, but she provides no supporting evidence suggesting that her employer's request occurred under discriminatory circumstances. Instead, as the record reflects, Samuels stopped reporting to work for over one year, neither of her supervisors had documentation approving her absence from work, and Samuels has not substantiated her claim that she did in fact file the excuse slip. Given the length of her absence from work, we conclude that the Postmaster's request that she submit medical documentation about her pregnancy in order to account for her year-long absence from work does not give rise to an inference of discrimination.[1]

## II.

Samuels argues that the Postmaster terminated her in retaliation for filing an EEOC complaint. A plaintiff can prove retaliation if she shows that she (1) engaged in protected activity; (2) suffered an adverse employment action; and (3) establishes a causal connection between participating in the protected activity and the adverse employment action. Moore v. City of Philadelphia, 461 F.3d 331, 340-41 (3d Cir. 2006). The requisite causal connection may be established by showing a close temporal proximity

---

[1] Even if we were to conclude that Samuels had made a prima facie case, her case still fails because, for substantially the reasons given by the District Court, she has not shown that her employer's reasons for terminating her were pretextual. See Samuels v. Postmaster General, No. 03-3482, 2007 WL 2212688, at *6-7 (D. N.J. July 30, 2007).

4

between the protected activity and the alleged retaliatory conduct, or by submitting "circumstantial evidence ... that give[s] rise to an inference of causation." Marra v. Philadelphia Hous. Auth., 497 F.3d 286, 302 (3d Cir. 2007).

The District Court correctly rejected Samuels's retaliation claim, finding that, although she engaged in protected activity in filing her 1989 EEOC complaint and was terminated, she failed to establish a temporal proximity between the two events, which are separated by a period of seven years. See Krouse v. Am. Sterilizer Co., 126 F.3d 494, 503-04 (3d Cir. 1997). Nor has she identified evidence of antagonism suggesting that she had been terminated for filing an EEOC claim.

Setting aside the issue of whether the last chance agreement's EEOC waiver provision was even valid and enforceable, we agree with the District Court that Samuels's year-long, unexcused absence from work, and her failure to provide medical documentation, were the cause in fact of her termination, not her refusal to waive her EEOC rights in the agreement. Accordingly, we agree that Samuels has failed to demonstrate the requisite causality necessary to make out a retaliation claim, and conclude that the District Court properly granted summary judgment on this claim.

Because we conclude that Samuels's appeal lacks an arguable basis in fact, or in law, Neitzke v. Williams, 490 U.S. 319, 325 (1989), we dismiss it pursuant to § 1915(e)(2)(B). Samuels's motion for appointment of counsel is denied.